■ NANTO MK CORP., Respondent, v J & E REALTY et al., Appellants. [47 NYS3d 706]—

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered December 11, 2015, which denied defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1)

and (7), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.

The documentary evidence conclusively establishes a defense to plaintiff's claim for specific performance of a lease renewal option. Both the original commercial lease and the proposed renewal lease expressly provide that the parties will not be bound to negotiated lease terms until defendants deliver a fully executed copy of the lease; defendants never delivered a fully executed copy of the proposed renewal lease (*see Jordan Panel Sys. Corp. v Turner Constr. Co.*, 45 AD3d 165, 169 [1st Dept 2007]). Plaintiff does not deny that it was in breach of certain lease provisions and that not being in breach was a condition precedent to exercising its right of renewal under the original lease. It argues instead that defendants waived any claim of breach by continuing to accept its regular rent payments without complaint. This argument is conclusively refuted by the non-waiver provision of the original lease (*see Ahmed v C.D. Kobsons, Inc.*, 67 AD3d 467 [1st Dept 2009]; *Excel Graphics Tech. v CFG/AGSCB 75 Ninth Ave.*, 1 AD3d 65 [1st Dept 2003], *lv dismissed* 2 NY3d 794 [2004]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Renwick, J.P., Mazzarelli, Moskowitz, Kapnick and Webber, JJ.